UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-81427-Civ-Hurley/Hopkins

ARTHUR DON McKIN and
JACKIE McKIN,

              Plaintiffs,

v.

HOME DEPOT U.S.A. INC.,
BRENDELLA FORBES and RICK O'BRIEN,

              Defendants.
_____/

## REPORT AND RECOMMENDATION REGARDING
## PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS (DE 18)

**THIS MATTER** has come before this Court upon an Order Referring Plaintiffs' Motion for Attorney's Fees and Costs to the undersigned United States Magistrate Judge for a Report and Recommendation. (DE 21). Presently before the Court is Plaintiffs' Motion for Attorney's Fees and Costs (DE 18), Defendants' response (DE 19), and Plaintiffs' reply (DE 20). The matter is now ripe for this Court's review.

### BACKGROUND

On August 19, 2009, Plaintiffs initiated a negligence action in Florida state court. In the complaint, Plaintiff Arthur McKin alleged that while shopping at Home Depot, Defendant Forbes, an employee, caused a box of track lighting to fall on him causing him to sustain injuries. (DE 1). One month later, Plaintiffs amended the complaint to allege that another employee, Defendant O'Brien, was also responsible for McKin's injuries. (DE 1). According to the Amended Complaint, Plaintiffs and the individual Defendants were residents of Palm Beach County, Florida, where the

incident occurred. However, Home Depot is not a Florida corporation. It is incorporated in Delaware and has its principal place of business in Atlanta, Georgia. (DE 1).

Although Plaintiffs and the individual Defendants were all residents of Florida, Defendants removed the case to federal court, invoking this Court's diversity jurisdiction. According to Defendants, Plaintiffs had fraudulently joined the individual Defendants for the sole purpose of defeating diversity and, thus, the District Court should disregard their citizenship. (DE 1).[1] Defendants supported their allegations of fraudulent joinder with affidavits by Defendant Forbes and Defendant O'Brien. In her affidavit, Defendant Forbes stated that she was not working at Home Depot on the date in question. (DE 1, Exhibit D). In his affidavit, Defendant O'Brien stated that he was not involved in the accident, nor did he witness it. (DE 1, Exhibit E).

On November 23, 2009, the District Court granted Plaintiffs' Motion to Remand the case to state court. (DE 15). The Court noted that it must resolve the factual disputes in the light most favorable to Plaintiffs and that because "the complaint states plausible claims against all defendants," there was no basis to find that the individual Defendants had been fraudulently joined. (DE 15).

With the instant motion, Plaintiffs seek reimbursement of their attorney's fees and costs incurred as a result of Defendants' improper removal of the case to federal court. (DE 18).

## DISCUSSION

28 U.S.C. 1447(c) provides that where there has been an order remanding a case to state court, such "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), the

---

[1] *See Asurmendi v. Tyco Electronics Corp.*, 2009 WL 650386, *2 (N.D. Cal. March 11, 2009)("where a non-diverse party is named in an action merely to avoid diversity jurisdiction, the fraudulent joinder doctrine permits a court to ignore that non-diverse party's citizenship").

Supreme Court held that "the standard for awarding fees should turn on the reasonableness of the removal." *Id.* at 141. Thus, "absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked any objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 141.

Here, it appears that Defendants had an objectively reasonable basis for seeking removal, namely, the fraudulent joinder of the individual Defendants. Although the District Court rejected this argument, such does not render Defendants' position objectively unreasonable. *See Gonero v. Union Pacific Railroad Company,* 2009 WL 5216869 (E.D. Cal. Dec. 30, 2009)(defendants' theory of fraudulent joinder was without merit, but court declined to award attorney's fees for improper removal noting that although "one side always has to lose," such "does not mean . . . that the losing side must always pay attorneys fees"); *Asurmendi v. Tyco Electronics Corp.*, 2009 WL 650386, *2 (N.D. Cal. March 11, 2009)(although court ordered remand, it found that defendants' decision to seek removal was not unreasonable in light of the facts and applicable law); *Jatczyszyn v. Marcal Paper Mills, Inc.*, 2008 WL 4155678, *4 (D.N.J. Sept. 9, 2008)(although court disagreed with defendants' removal decision based on fraudulent joinder and remanded the case to state court, it concluded that attorney's fees under § 1447(c) were not warranted).

Here, the Plaintiffs' insistence on keeping the individual Defendants in the case despite their sworn affidavits that they were neither present nor involved in the incident, lends support to Defendants' allegations of fraudulent joinder and renders Defendants' decision to remove the case to federal court objectively reasonable under the circumstances. *See Gardner v. UICI,* 508 F.3d 559, 562 (9th Cir. 2007)(noting that under *Martin*, a finding that a removal was improper "is not dispositive in determining whether fees should be awarded;" Court declined to award fees where it

3

found that a "reasonable litigant in [defendant's] position could have concluded that federal court was the proper forum in which to litigate").

## CONCLUSION

In light of the foregoing, this Court **RECOMMENDS** that the District Court **DENY** Plaintiffs' Motion for Attorney's Fees and Costs. (DE 18).

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida, within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* Statutory Time-Periods Technical Amendments Act of 2009, H.R. 1626, sec. 6, amending 28 U.S.C. § 636(b)(1) to provide that " . . . within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). *See also* Fed. R. Civ. P. 72(b) (2009) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy.") Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE and SUBMITTED** in Chambers this 2 day of June, 2010, at West Palm Beach in the Southern District of Florida.

                                                                                                     _____
                                                                                                     JAMES M. HOPKINS
                                                                                                     UNITED STATES MAGISTRATE JUDGE

Copies to: Counsel of Record